# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

GARLAND E. WILLIAMS,

Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,

Defendants.

CV 15-00094-BLG-SPW-CSO

ORDER AND FINDINGS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

Garland Williams, a citizen of Louisiana, has filed a Motion to Proceed in Forma Pauperis (*ECF 1*) and submitted a Complaint (*ECF 2*) naming Defendants from Kansas, Louisiana, and the United States Government. The motion to proceed in forma pauperis will be granted but there are no allegations that any event forming the alleged basis of this action occurred in Montana. It is therefore recommended that this matter be dismissed without prejudice based upon improper venue.

## I. Motion to Proceed in Forma Pauperis

Williams alleges he nets $843.80 a month and has approximately $790.54 in expenses. *IFP motion, ECF 1.* The motion to proceed in

forma pauperis is sufficient to make the showing required by 28 U.S.C. § 1915(a).  Because it appears Williams lacks sufficient funds to prosecute this action, the motion (*ECF 1*) will be granted.

## II. Venue

Federal law provides that a civil action may be brought in:  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Court may, sua sponte, raise the issue of defective venue and dismiss or transfer an

action before a responsive pleading is filed. *See Costlow v. Weeks*, 790

F.2d 1486, 1488 (9th Cir. 1986).

The Complaint consists of the following general claims:

> Separation and Infractions of Petitioner's Constitutional and
> civil liberties of civil rights, which includes Perjury,
> Kidnapping, Fraud, Theft, Negligence, Accessory Before and
> After the principal fact; creating Extortional Grand Larceny
> by all so named Defendants.

*Complaint, ECF 2 at 6.* But the Complaint is devoid of any facts in

support of these allegations. There is no allegation that any event

forming the basis of the action occurred in Montana or that Williams or

any named Defendant resides in Montana. Williams has stated no

basis for venue in Montana.

According to the National PACER Case Locator, Williams filed a

similar Complaint in the Western District of Kentucky on September

14, 2015. In addition, in 2014 he filed a lawsuit in the Eastern District

of Louisiana against the Kansas Department of Social and

Rehabilitation Service. In that case, he appeared to challenge the

constitutionality of a child support order in a 2000 case filed in

Shawnee County Kansas District Court and being enforced in

Louisiana. (*Williams v. Kansas DSRS*, Civil Action No. 14-CV-01663, ECF 40-1 Brief in Support of Motion to Dismiss). That case was dismissed by United States District Judge Helen G. Berrigan (who Williams has named in this lawsuit) on March 19, 2015. *Id. at ECF 57*.

Given this litigation history, the Court finds that it would not be in the interest of justice to transfer this matter and that it should be dismissed without prejudice. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (permitting a district court to dismiss an action *sua sponte* for improper venue).

Based on the foregoing, the Court issues the following:

## ORDER

1. Williams' Motion to Proceed in Forma Pauperis (*ECF 1*) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. *ECF 2*. The Complaint is deemed filed October 5, 2015.

3. At all times during the pendency of this action, Williams SHALL IMMEDIATELY ADVISE the Court of any change of address.

A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed based upon improper venue.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Williams may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of October, 2015.

/s/ Carolyn S. Ostby
United States Magistrate Judge