

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GARLAND E. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | CV 15-94-BLG-SPW<br><br>OPINION and ORDER |

Plaintiff Garland Williams filed this action against a number of defendants that do not reside in Montana. While Williams stated causes of action against the defendants, he did not include any supporting facts, much less any indication that the alleged wrongful actions occurred in Montana. United States Magistrate Judge Carolyn Ostby reviewed the Complaint and determined that Montana is not the proper venue for this action. On October 7, 2015, Judge Ostby issued Findings and Recommendations, in which she recommends that this Court dismiss the Complaint without prejudice based upon improper venue.

On October 26, 2015, Williams filed an Amended Complaint. In the caption of the Amended Complaint, Judge Ostby is listed as a defendant. However, Williams does not state a cause of action against Judge Ostby. Instead, in an unintelligible portion entitled "Initial Pleading Register Count-1," Williams

1

appears to argue that Judge Ostby erred in her determination that the District of Montana is not the proper venue. *See* Amended Complaint (Doc. 8) at 6 ("Noticed Civil Complaint Pleadings and JS44 Cover Sheet warranted Judge Ostby illegal justifiable Court Leave of place of venue objection disposition Order and Findings"). The Court will construe this as an objection to the Findings and Recommendations, and therefore Williams is entitled to a de novo review of whether the District of Montana is an appropriate venue. 28 U.S.C. § 636(b)(1)(B).

> A proper venue for a federal civil action is:
>
> **(1)** [A] judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In Williams's initial Complaint, no defendant is from Montana, nor do any parts of Williams's claims occur in Montana. While the Amended Complaint lists Judge Ostby as a defendant in the caption, Williams apparently does not assert a cause of action against her. Other than that, none of the parties nor the underlying facts have any connection to the District of Montana. Therefore, this Court is an improper venue.

To the extent that Judge Ostby is an actual defendant in the Amended Complaint, judicial immunity would bar any claim against her. Judicial officers cannot be held liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity has only two recognized exceptions: (1) actions not taken in a judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The only conceivable allegation against Judge Ostby would be that she erred in her Findings and Recommendations. Because Judge Ostby had jurisdiction and was acting in her judicial capacity when she issued her Findings and Recommendations, she enjoys judicial immunity. Without a claim against Judge Ostby, no portion of the Amended Complaint has any connection to Montana.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL.

2. The Complaint (Doc. 2) and Amended Complaint (Doc. 8) are DISMISSED without prejudice based upon improper venue.

3. Williams's Leave of Affidavit-Writ Motion of Evidence Submittal Request (Doc. 9) is DENIED as moot.

4. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 2nd day of ~~October~~ November, 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge